NOTE: CHANGES MADE BY THE COURT

Closed

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| INSURANCE SERVICES OFFICE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ISO RATER CORPORATION,<br><br>　　　　　Defendant. | Case No. 2:16-cv-01525-JFW-Ex<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. John F. Walter<br><br>Complaint Filed:　　March 4, 2016<br>Default Judgment:　August 30, 2016 |

WHEREAS, the Court entered its ORDER GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF A DEFAULT JUDGMENT AND PERMANENT INJUNCTION BY THE COURT AGAINST DEFENDANT on August 30, 2016 (D.I. 21, 22) ("Default Judgment Order"); and

WHEREAS, the Court entered its ORDER GRANTING PLAINTIFF'S MOTION TO FIX AMOUNT OF ATTORNEYS' FEES AND NON-TAXABLE COSTS on October 21, 2016 (D.I. 30, 31) ("Attorneys' Fees Order"); and

WHEREAS, in its Attorneys' Fees Order, the Court directed Plaintiff Insurance Services Office, Inc. ("Plaintiff" or "ISO") to submit a proposed Judgment to the Court consistent with its Default Judgment Order and its Attorneys' Fees Order.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the following Judgment and Permanent Injunction in favor of ISO and against Defendant ISO Rater Corporation ("Defendant") is hereby granted:

1. The Court has jurisdiction over the subject matter of this action under the laws of the United States concerning actions relating to federal questions, 28 U.S.C. § 1331, and trademarks, 28 U.S.C. § 1338(a). The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over ISO's claims that arise under the laws of the State of California.

2. The Court has personal jurisdiction over Defendant because Defendant is located in this district.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c), and (d) because a substantial part of the acts giving rise to ISO's claims occurred in this district, and Defendant is subject to personal jurisdiction in this district.

4. As set forth in the First Claim for Relief of ISO's Verified Complaint for Damages and Injunctive Relief (D.I. 1) ("Complaint"), Defendant has infringed and continues to infringe ISO's rights in its federal trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Defendant's conduct

is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with ISO's ability to use ISO's Marks[1] to indicate a single quality-controlled source of goods and services.

5. As set forth in the Second Claim for Relief of the Complaint, Defendant has infringed and continues to infringe ISO's rights in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a). Defendant's conduct has interfered with and will continue to interfere with ISO's ability to use ISO's Marks and the ISO trade name to indicate a single quality controlled source of goods and services. Defendant's acts as alleged herein also constitute false designation of origin, unfair competition, and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

6. As set forth in the Third Claim for Relief of the Complaint, Defendant's use of and expected continued control over the Infringing Domain Name constitutes a violation of the Anticybersquatting Consumer Protection Act of 1999. Defendant unlawfully registered and misappropriated the Infringing Domain Name with a bad faith intent to profit from ISO's Marks, and has wrongfully used the Infringing Domain Name, which incorporates in whole or in part ISO's Marks, which are protected under the laws of the United States.

7. As set forth in the Fourth Claim for Relief of the Complaint, Defendant has, without authorization from ISO, adopted and used the Infringing Trade Name and registered and used the Infringing Domain Name, both of which infringe ISO's Marks and the ISO trade name, to advertise, distribute, sell and offer to sell Defendant's Infringing Services. Defendant's acts as alleged in the Complaint are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with ISO, and as to the origin, sponsorship, or approval of Defendant's Infringing Services by ISO. Defendant's unauthorized

---

[1] All terms defined in the Verified Complaint are used herein as defined in the Verified Complaint.

acts constitute direct infringement of ISO's trademarks in violation of California common law.

8. As set forth in the Fifth Claim for Relief of the Complaint, from its offices in California, Defendant has disseminated or caused to be disseminated advertisements and solicitations for Defendant's Infringing Services featuring the Infringing Trade Name and using the Infringing Domain Name to advertise and promote Defendant's Infringing Services. In doing so, Defendant has falsely represented that there is an association, affiliation, connection or relationship with ISO. No such association, affiliation, connection or relationship exists between ISO and Defendant. Defendant's acts as alleged in the Complaint constitute the use of deceptive, untrue and misleading advertising, of which Defendant knew or should have known, thereby impairing ISO's goodwill and otherwise adversely affecting ISO's business and reputation. These acts constitute false advertising under California Business and Professions Code §§ 17500 and 17535, and California common law.

9. As set forth in the Sixth Claim for Relief of the Complaint, ISO's Marks and the ISO trade name are wholly associated with ISO due to its extensive use of the marks and the trade name. As such, ISO is deserving of having ISO's Marks and the ISO trade name adequately protected with respect to the conduct of its business. Defendant's wrongful conduct as alleged in the Complaint constitutes unfair competition and unfair business practices. Based on the wrongful, unlawful, fraudulent and unfair acts described herein, Defendant is in violation of California Business and Professions Code §§ 17200 and 17203.

10. As set forth in the Seventh Claim for Relief of the Complaint, ISO's Marks and the ISO trade name are wholly associated with ISO due to its extensive use of the marks and the trade name. As such, ISO is deserving of having ISO's Marks and the ISO trade name adequately protected with respect to the conduct of its business. Defendant's conduct has been wrongful, unlawful, unfair, fraudulent,

willful, wanton and malicious, done with intent, and in conscious disregard for the rights of ISO in violation of California Civil Code § 3294(a).

11. As set forth in the Default Judgment Order, the Court orders the following permanent injunctive relief that Defendant and its subsidiaries, officers, agents, servants, directors, employees, partners, representatives, assigns, distributors, successors, related companies, and attorneys, and all persons in active concert or participation with the Defendant or with any of the foregoing, including any corporation or other entity in which Defendant has or had any interest, or plays or played any role in the creation, organization, funding, or operating of, be enjoined from:

    a. (i) use of any of ISO's Marks, the Infringing Trade Name, and any other mark, designation, trade name or domain name that is similar thereto and/or contains the term ISO or any of ISO's Marks, in connection with the distribution, sale, advertising, marketing and promotion of the Infringing Services; (ii) using in any way any other mark, designation, trade name, or domain name so similar to ISO's Marks and/or the ISO trade name as to be likely to cause confusion, mistake, and/or deception; (iii) falsely designating the origin, sponsorship, or affiliation of ISO Rater's products or services to suggest an association or affiliation with ISO, the ISO trade name and/or ISO's Marks; (iv) falsely representing or otherwise holding itself out as associated or affiliated in any way with ISO, ISO's Marks, and/or ISO's Products and Services; and (v) use of the Infringing Domain Name, <isorater.com>, the email extension @isorater.com, and other electronic identifiers, URL addresses, or metatags that incorporate the term ISO or any other terms that are confusingly similar to the term ISO or ISO's Marks;

    b. Committing any act calculated to cause purchasers to falsely believe that Defendant's goods and services are those sold under the control and supervision of ISO, or are sponsored by, approved by or

connected with ISO, or are guaranteed by, warranted by, or produced under the control and supervision of ISO;

  c. Further infringing the ISO Marks and damaging ISO's goodwill and business reputation;

  d. Using, reproducing, distributing, displaying (including, without limitation, over the Internet), selling, and marketing (or any direct or indirect efforts in relation to any of the foregoing) ISO's copyrighted content and materials, including but not limited to ISO's rates, rules, loss costs, forms, manuals and analytics (collectively, the "Copyrighted Materials") or any work that is substantially similar to ISO's Copyrighted Materials, including but not limited to any derivative works based upon the Copyrighted Materials, unless Defendant is licensed by ISO to use ISO's Copyrighted Materials; and

  e. Assisting, aiding or abetting any other person or entity in engaging or performing any of the activities referred to in paragraphs (a) through (d) above.

12. As further set forth in the Default Judgment Order, Defendant shall change its corporate name to a name that does not include the term ISO or any of ISO's Marks.

13. As further set forth in the Default Judgment Order, Defendant shall never seek registration of any trademark in the United States that includes the term ISO, ISO's Marks, or any confusingly similar terms.

14. As further set forth in the Default Judgment Order, Defendant acknowledges: (i) ISO's ownership of and the validity of ISO's Marks in the United States; and (ii) ISO's ownership of and the validity of the Copyrighted Materials; and agrees that it shall never challenge ISO's ownership and use of ISO's Marks and/or the Copyrighted Materials, or the validity of ISO's Marks and/or ISO's right of copyright in and to the Copyrighted Materials, or assist any third party in doing so.

15.   As further set forth in the Default Judgment Order, it is further ordered, adjudged and decreed that Defendant promptly transfer the <isorater.com> domain name (the "Transferred Domain Name") from the current registrar to the domain registrar of the ISO's selection, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), and such selected registrar shall thereafter register the Transferred Domain Name in the name of ISO and provide Plaintiff with control as the registrant of the Transferred Domain Names.  ISO may, in its discretion, also provide a copy of this Order to the applicable registrar and/or Internet Service Provider for the <isorater.com> domain, separate and apart from Defendant's obligation to do so.

16.   As set forth in the Attorneys' Fees Order, pursuant to 15 U.S.C. §1117(a) and the Court's August 30, 2016 Order, ISO, as the prevailing party on its Complaint, is awarded and shall recover attorneys' fees in the amount of  Sixty Thousand Nine Hundred and Eight Dollars and Fifty Cents ($60,908.50) and non-taxable costs in the amount of Eight Hundred Ninety Two Dollars and Forty Cents ($892.40) from Defendant.

17.   This Judgment and Permanent Injunction is binding on Defendant and any and all of its directors, officers, agents, servants, employees, representatives, heirs, successors in interest, subsidiaries, related companies or individuals, affiliated companies or individuals, assignees, and acquirers, including any acquirer of substantially all of the assets of Defendant.

Dated: October 27, 2016              _____
                                     Honorable John F. Walter
                                     ~~DISTRICT~~ COURT JUDGE